UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Tracy Torrez**, <br><br> Plaintiff, <br><br> v. <br><br> **Family Dollar Stores of Ohio, Inc.**, an Ohio Corporation; **Family Dollar Stores, Inc.**, a Delaware Corporation; and **Dollar Tree Stores, Inc.**, a Virginia Corporation, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Tracy Torrez ("Plaintiff"), sues the Defendants, Family Dollar Stores of Ohio, Inc.; Family Dollar Stores, Inc.; and Dollar Tree Stores, Inc. ("Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Southern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all material times, Plaintiff is an individual residing in Franklin County, Ohio, and is a former employee of Defendants.

8. At all material times, Defendant Family Dollar Stores of Ohio, Inc. is a corporation licensed to transact business in the State of Ohio. At all material times, Defendant Family Dollar Stores of Ohio, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Franklin County, Ohio.

9. At all material times, Defendant Family Dollar Stores of Ohio, Inc. does business as "Family Dollar," a retail store in the greater Columbus area.

10. At all relevant times, Defendant Family Dollar Stores of Ohio, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Family Dollar Stores of Ohio, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As a person who acted in the interest of Defendant Family Dollar Stores of Ohio, Inc. in relation to the company's employees, Defendant Family Dollar Stores of Ohio, Inc. is subject to liability under the FLSA.

11. At all material times, Defendant Family Dollar Stores, Inc. is a corporation licensed to transact business in the State of Ohio. At all material times, Defendant Family Dollar Stores, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Franklin County, Ohio.

12. At all material times, Defendant Family Dollar Stores, Inc. does business as "Family Dollar," a retail store in the greater Columbus area.

13. At all relevant times, Defendant Family Dollar Stores, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Family Dollar Stores, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As

a person who acted in the interest of Defendant Family Dollar Stores, Inc. in relation to the company's employees, Defendant Family Dollar Stores, Inc. is subject to liability under the FLSA.

14. At all material times, Defendant Dollar Tree Stores, Inc. is a corporation licensed to transact business in the State of Ohio. At all material times, Defendant Dollar Tree Stores, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Franklin County, Ohio.

15. At all material times, Defendant Dollar Tree Stores, Inc. does business as "Family Dollar," a retail store in the greater Columbus area.

16. At all relevant times, Defendant Dollar Tree Stores, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Dollar Tree Stores, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As a person who acted in the interest of Defendant Dollar Tree Stores, Inc. in relation to the company's employees, Defendant Dollar Tree Stores, Inc. is subject to liability under the FLSA.

17. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

18. At all material times, Defendants are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

19. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

21. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

22. At all relevant time, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

23. Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

24. Defendants own and/or operate as Family Dollar Stores of Ohio, Inc., which, on information and belief, is a Virginia corporation doing business in Franklin County, Ohio.

25. Defendants own and/or operate as Family Dollar Stores, Inc., which, on information and belief, is a Delaware corporation doing business in Franklin County, Ohio.

26. Defendants own and/or operate as Dollar Tree Stores, Inc., which, on information and belief, is a Virginia corporation doing business in Franklin County, Ohio.

27. Plaintiff was hired by Defendants and worked for Defendants as a manager for approximately two weeks during July 2020.

28. Plaintiff worked at Defendants' Family Dollar Store located at 2777 Sullivant Avenue, Columbus, OH 43204.

29. Defendants, in their sole discretion, agreed to pay Plaintiff $10.50 per hour for all hours she worked.

30. Plaintiff worked for Defendants for approximately two weeks, working approximately 36 hours total for Defendants.

31. Despite agreeing to pay Plaintiff at a rate of $10.50 per hour, Defendants failed to compensate Plaintiff any wages whatsoever for the hours she spent working for Defendants.

32. As a result of failing to pay Plaintiff any wage whatsoever for the duration of her employment, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked, in violation of the FLSA, 29 U.S.C 206(a).

33. As a result of failing to pay Plaintiff any wage whatsoever for the duration of her employment, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked, in violation of ORC § 4111.

34. As a result of failing to pay Plaintiff any wage whatsoever for the duration of her employment, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked, in violation of ORC § 4113.

35. Plaintiff left her employment with Defendants on or around July 20, 2020.

36. After leaving her employment with Defendants, Plaintiff contacted Defendants in order to receive her paycheck.

37. Defendants refused to compensate Plaintiff any wage whatsoever unless she executed an apparent general release of claims.

38. Despite executing and returning the document Defendants asked Plaintiff to sign, Defendants have still refused to compensate Plaintiff any wage whatsoever for any of the hours she spent working for Defendants.

39. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

40. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4111.

41. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4113.

42. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

43. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

44. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff all wages owed for all hours worked during her regular workweeks.

45. Plaintiff is a covered employee within the meaning of the FLSA.

46. Plaintiff is a covered employee within the meaning of ORC § 4111.

47. Plaintiff is a covered employee within the meaning of ORC § 4113.

48. Plaintiff was a non-exempt employee.

49. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

50. Defendants, individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid

wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

54. Defendants own and operate multiple Family Dollar and Dollar Tree store locations.

55. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of restaurants under the names Family Dollar and Dollar Tree.

56. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

57. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned restaurants.

58. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

59. Defendants run each store location identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

60. Defendants share employees between store locations.

61. Defendants use the trade names "Family Dollar" and "Dollar Tree" at all of their store locations.

62. Defendants' stores are advertised together on the same websites.

63. Defendants provide the same array of products and services to their customers at its different store locations.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendants.

66. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them throughout her employment.

67. As a result, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked.

68. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

69. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Tracy Torrez, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment

interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY MINIMUM WAGE

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendant.

72. As a result, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked.

73. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

74. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Tracy Torrez, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4113
### FAILURE TO PAY WAGES OWED

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for the hours she spent working for Defendants.

77. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for it throughout the entirety of her employment.

78. Defendants' practice of willfully failing to pay Plaintiff wages for labor performed violates ORC § 4113.

79. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Tracy Torrez, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 20th day of October, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com